USCA1 Opinion

 

 February 23, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________ No. 92-2041 IN RE: VILLA MARINA YACHT HARBOR, INC., Petitioner. ____________ No. 92-2051 CHASE MANHATTAN BANK, N.A., Plaintiff, Appellee, v. VILLA MARINA YACHT HARBOR, INC. a/k/a VILLA MARINA YACHT HARBOUR, INC., Defendant, Appellant. ____________ ERRATA SHEET The opinion of this court issued on February 2, 1993, is amended as follows: On page 4, line 4 from the bottom, change August 1 to August 11. February 2, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2041 IN RE: VILLA MARINA YACHT HARBOR, INC., Petitioner. ____________________ No. 92-2051 CHASE MANHATTAN BANK, N.A., Plaintiff, Appellee, v. VILLA MARINA YACHT HARBOR, INC., a/k/a VILLA MARINA YACHT HARBOUR, INC., Defendant, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen C. Cerezo, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Michael J. Rovell, with whom Lisa I. Fair, Robert E. Bull, _________________ ____________ _______________ Law Offices of Michael J. Rovell, Carlos G. Latimer, and Latimer, ________________________________ _________________ ________ Biaggi, Rachid, Rodriguez, Suris & Godreau were on brief, for ____________________________________________ appellant. Jay A. Garcia-Gregory, with whom Rafael R. Vizcarrondo, ______________________ _______________________ Heriberito J. Burgos-P rez and Fiddler, Gonzalez & Rodriguez were __________________________ _____________________________ on brief, for appellee. ____________________ February 2, 1993 ____________________ BOWNES, Senior Circuit Judge. This is an appeal by ____________________ defendant-appellant Villa Marina Yacht Harbor, Inc. from the following order of the district court: Defendant shall deposit with the Clerk of Court, within ten (10) days after notice, the past due mortgage payment and shall continue making such deposits as the payments come due for the duration of the litigation of this case. The Clerk shall deposit them in an interest-bearing account. I. I. Uncontested Facts Uncontested Facts _________________ A statement of the uncontested facts leading to the order compels the conclusion that there is no merit to this appeal. On November 22, 1991, plaintiff-appellee, Chase Manhattan Bank, N.A., filed a complaint against Villa Marina. The complaint sought foreclosure of Chase's mortgage on Villa Marina property and the collection of monies allegedly due it from Villa Marina. Chase alleged, as one of the grounds for foreclosure, that Villa Marina failed to timely make the monthly mortgage payments due on October 1 and November 1, 1991. Chase also requested the appointment of a receiver; this request was referred to a magistrate-judge. Villa Marina filed an opposition to the appointment of a receiver on December 27, 1991. On January 10, 1992, it filed an answer and counterclaim. In its answer Villa Marina stated: -4- . . . it is admitted that VILLA MARINA owes CHASE the principal sum and interest therein pleaded, minus the amounts that VILLA MARINA claims against CHASE in the counterclaim and the amounts CHASE is retaining in its escrow account. In its answer and counterclaim, Villa Marina alleged bad faith termination of the mortgage, breach of Chase's duty of good faith and fair dealing by creating a fictitious default, and filing the foreclosure action in breach of Chase's own internal manual, rules, regulations, and practices. Villa Marina estimated its damages as one million dollars. On February 10, 1992, Chase moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and for dismissal of Villa Marina's counterclaim. Villa Marina objected to these motions. A hearing was held before the magistrate-judge on March 5, 1992, which encompassed all pending matters. On March 12, the magistrate-judge issued a report and recommended to the district court that it grant Chase's motions for judgment on the pleadings and dismissal of the counterclaim. On the same day the magistrate-judge also issued an order appointing a receiver. Villa Marina promptly filed an emergency petition for writ of mandamus, petition for a stay of the orders, and a motion to vacate the appointment of the receiver. By order dated May 4, 1992, issued on May 5, the district court vacated the magistrate-judge's appointment of a receiver because this action "was beyond both the scope of -5- our referral and the scope of his statutory powers." The district court then considered the matter de novo. It held __ ____ that "Chase has failed to meet the threshold requirements for granting the appointment of a receiver as an equitable remedy." On May 18, 1992, the district judge issued a six- page order in which she reviewed the report and recommendations of the magistrate. The district court declined to follow the magistrate-judge's report and recommendations. It denied Chase's motions for judgment on the pleadings and dismissal of the counterclaim. On July 1, 1992, the district judge, sua sponte, ___ ______ issued the order which is the basis of this appeal. Prior to that part of the order directing Villa Marina to make its monthly mortgage payments into court, the district judge stated: A review of our order entered on May 18, 1992 reveals that the last paragraph was inadvertently omitted. Accordingly, the May 18, 1992 order is amended to add the following: (Defendant ordered to make monthly mortgage payments into court). On July 16, 1992, Villa Marina moved to amend or alter the district court order of May 18. The motion was denied on August 6, 1992, and entered on August 11. Villa Marina appealed the July 1 order of the district court and the court's denial of its motion to amend or alter the order of May 18. Recognizing that there might be a question of -6- appealability of these orders, Villa Marina also sought appellate review by filing a petition for writ of mandamus.1 II. II. Analysis Analysis ________ The crux of Villa Marina's argument is that the district court lacked authority to issue the order requiring the deposit of the mortgage payments with the court. In its brief, Villa Marina asserts that it "is at a loss to find the jurisdictional basis for the order" [Appellant's Brief, p. 11], because there is no specific provision in the federal rules expressly authorizing its issuance and because the court acted without a motion pending. This contention ignores the inherent power possessed by a district court, "not governed by rule or statute, to manage the litigation before it." Zebrowski v. Hanna, 973 F.2d 1001, 1003-04 (1st _________ _____ Cir. 1992). "[T]he rules of civil procedure do not completely describe and limit the power of district courts . . . ." HMG Property Investors v. Parque Indus. Rio Canas, _______________________ ________________________ 847 F.2d 908, 915 (1st Cir. 1988) (quoting Brockton Savings ________________ Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 (1st ____ _______________________________ Cir. 1985), cert. denied, First United Fund, Ltd. v. Brockton _____ ______ _______________________ ________ Savings Bank, 475 U.S. 1018 (1986)). The district courts _____________ ____________________ 1 Chase has suggested in its brief that Villa Marina's appeal was not timely filed. For purposes of this opinion we find that it was. -7- "retain the inherent power to do what is necessary and proper to conduct judicial business in a satisfactory manner." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1119 (1st Cir. _____ ________________ 1989). This inherent power is "rooted in the chancellor's equity powers[] to process litigation to a just and equitable conclusion." Id. (citation omitted). ___ We have repeatedly recognized this inherent power of the district court as encompassing the power to order various types of "administrative" actions: to require the posting of security for costs when warranted by the circumstances of a case, Aggarwal v. Ponce School of ________ _________________ Medicine, 745 F.2d 723, 726 (1st Cir. 1984), Hawes v. Club ________ _____ ____ Escuetre El Commandante, 535 F.2d 140, 143 (1st Cir. 1976); ________________________ to modify discovery-related protective orders for so long as such order is in effect, Public Citizen v. Liggett Group, ______________ _______________ Inc., 858 F.2d 775, 782 (1st Cir. 1988), cert. denied, 488 ____ _____ ______ U.S. 1030 (citing various other jurisdictions as support for same proposition); to reconsider its orders, Burns v. Watler, _____ ______ 931 F.2d 140, 145 (1st Cir. 1991); to stay pending litigation when efficacious management of docket reasonably requires, Marquis v. F.D.I.C., 965 F.2d 1148, 1154-55 (1st Cir. 1992); _______ ________ to permit jury view of places or objects outside the courtroom, United States v. Passos-Paternina, 918 F.2d 979, _____________ ________________ 986 (1st Cir. 1990), cert. denied, 111 S. Ct. 1637, 111 S. _____ ______ Ct. 2808, 111 S. Ct. 2809 (1991); to fashion appropriate -8- sanctions for abuses of the judicial process, including dismissal, Zebrowski v. Hanna, 973 F.2d at 1003-04, R.W. _________ _____ ____ International Corp. v. Welch Foods Inc., 937 F.2d 11, 19-20 ___________________ ________________ (1st Cir. 1991). In deciding the propriety of the order at issue here, we accept the district court's statement that the pay- into-court order of July 1 was inadvertently omitted from its order of May 18. The May 18 order makes it unmistakably clear that the issues in controversy between the parties, including those raised in Villa Marina's counterclaim, will be tried on the merits. In light of Villa Marina's explicit admission in its answer that "it owes Chase the principal sum and interest therein pleaded," an order directing it to deposit the monthly mortgage payments into an interest- bearing court account as they become due would not be unusual; in fact, it would be routine. We hold that the July 1 amendment was wholly within the inherent administrative powers of the district court and did not constitute an abuse of discretion. Even if, for purposes of this case, we view the order as a preliminary injunction,2 as Villa Marina urges, ____________________ 2 We need not consider whether the district court's order is, indeed, an appealable injunction, and we express no opinion on that matter. Because the case is straightforward, and the party in whose favor the jurisdictional issue would operate is entitled to prevail on the merits, we elect to forgo unnecessary work and to bypass the question of appellate jurisdiction. See, e.g., Secretary of the Navy v. Avrech, ___ ____ ______________________ ______ -9- there is no basis for overturning it. Indeed, we are at a loss to understand why Villa Marina opposes the order. Contrary to Villa Marina's assertion, it is not a "windfall" to Chase. The payments do not go to Chase; they go into an interest-bearing court account. Until the case is decided on the merits, neither Chase nor Villa Marina can use the money. And, if there had been no attempted foreclosure by Chase, wrongful or justified, Villa Marina would be making the monthly mortgage payments to Chase. Indeed, Villa Marina, in its motion to amend or alter the appealed order, stated explicitly: Villa Marina nevertheless is willing to post the funds directly to Chase if Chase __ reinstates the mortgage and Villa Marina is allowed to pursue its counterclaims. (footnotes not now pertinent) As the case now stands, the mortgage continues in effect pending a hearing on the merits including the counterclaim. Villa Marina has received all it requested. The order is a paradigm case of preserving the status quo with no harm to ______ ___ either party pending a hearing on the merits. Because Villa Marina has advanced no plausible reason for this appeal, we find it frivolous and award costs and attorney fees for this appeal to appellee Chase. Chase ____________________ 418 U.S. 676, 677-78 (1974) (per curiam); In re D.C. Sullivan ___________________ Co., 843 F.2d 596, 598 (1st Cir. 1988). ___ -10- shall file its fee petition within the time fixed under, and in the form contemplated by, 1st Cir. Loc. R. 39.2. So ordered. So ordered. ___________ -11-