**Rui Fernando Da Conceicao RODRIGUES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 92–2169, 93–1294.

United States Court of Appeals, First Circuit.

Heard April 8, 1993.

Decided May 24, 1993.

Lenore Glaser, Boston, MA, for petitioner.

Donald E. Keener, Attorney, Office of Immigration Litigation, Civ. Div., Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., and Robert Kendall, Jr., Asst. Director, Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, DC, were on brief, for respondent.

Before BREYER, Chief Judge, FRIEDMAN,* Senior Circuit Judge, and STAHL, Circuit Judge.

* Of the Federal Circuit, sitting by designation.

BREYER, Chief Judge.

Federal law classifies as "deportable" an "alien ... convicted" of unlawfully "possessing ... a firearm." Immigration and Nationality Act of 1952, Pub.L. 82–414, 66 Stat. 163, *as amended* (INA), § 241(a)(2)(C), 8 U.S.C. § 1251(a)(2)(C). The law nonetheless permits the Attorney General to "adjust[ ]" the "status" of a "deportable" alien "to that of an alien lawfully admitted for permanent residence," but only if, among other things, the alien "is admissible to the United States for permanent residence...." INA § 245(a)(2), 8 U.S.C. § 1255(a)(2). And, an alien is *not* admissible (i.e., he is "excludable") if he has been "convicted of 2 or more offenses ... for which the *aggregate sentences to confinement actually imposed* were 5 years or more...." INA § 212(a)(2)(B), 8 U.S.C. § 1182(a)(2)(B) (emphasis added).

The petitioner, convicted of a firearms offense, Mass.Gen.L. ch. 140, § 129C, is deportable. INA § 241(a)(2)(C), 8 U.S.C. § 1251(a)(2)(C). He has applied for a status adjustment. INA § 245(a), 8 U.S.C. § 1255(a). But, the Attorney General has refused to consider his status adjustment application because, in her view, he has two convictions with "sentences to confinement actually imposed" totalling more than "5 years." Hence, he is not "admissible." *See* INA § 212(a)(2)(B), 8 U.S.C. § 1182(a)(2)(B). For this reason (and without deciding whether petitioner might be excludable for some other reason, *see generally* INA § 212(a)(2), 8 U.S.C. § 1182(a)(2)), the Board of Immigration Appeals denied the petitioner's request to reopen his deportation proceedings. Petitioner now asks us to review the Board's decision not to reopen (embodied in two orders). *See INS v. Doherty,* — U.S. —, — – —, 112 S.Ct. 719, 724–25, 116 L.Ed.2d 823 (1992) (orders denying reopening are reviewable); *Thomas v. INS,* 976 F.2d 786, 789 (1st Cir.1992) (per curiam) (same). Having conducted that review, we conclude that the rather special legal circumstances present in this case do not permit the Board to find that the sentences "actually imposed" on petitioner add up to five years.

Hence, petitioner's case falls outside the scope of the "excludability" provision on which the Board relied, INA § 212(a)(2)(B), 8 U.S.C. § 1182(a)(2)(B). We therefore vacate its decision.

The parties agree that the sentence "actually imposed" for unlicensed possession of a firearm (the conviction that made appellant "deportable") amounted to thirty days. They disagree, however, about a different sentence, imposed after a 1986 state court conviction for assault with intent to rob, Mass. Gen.L. ch. 265, § 20. Originally (on June 12, 1986), the state court sentenced petitioner "to Massachusetts Correctional Institution, Concord for the term of ten (10) years." But, in July 1992, the sentencing judge revoked his earlier Concord sentence and entered an order resentencing petitioner, which order was entered on the docket sheet as follows:

> Sentence imposed on June 12, 1986 is revoked; deft. sentenced to the Massachusetts Correctional Institution, Conco[r]d, for the term of ten (10) years and deemed to have been served; the court on imposing said sentence ordered that the Deft. be deemed to have served –1709– days of said sentence.

The parties agree that we are to treat this order as if it were the original sentence. *See Matter of J—*, 6 I. & N.Dec. 562, 565, 569 (BIA 1955). They also agree that the petitioner was released from confinement at Concord after 1709 days. Finally, they agree that, *if* one reads the 1992 language as having "actually imposed" a "sentence[ ] to confinement" of 1709 days, then petitioner's "aggregate sentences to confinement actually imposed" amount to about three months less than five years. (1709 days plus the 30 day firearm sentence amounts to 1739 days; five years contain 1826 days). They disagree, however, about the meaning of this 1992 sentencing order.

 In the Government's view, the sentence "actually imposed" (retroactively) in 1992 is a sentence to confinement for "ten years," not 1709 days. The order itself says that the petitioner is "sentenced to the Massachusetts Correctional Institution, Conco[r]d, for the term of ten (10) years." Moreover, courts and the Board of Immigration Appeals have held that a "sentence[ ] to

confinement actually imposed" means the maximum sentence that a court imposes, even though an offender *might* serve less than this maximum sentence (because time earned for good behavior, probation, or other forms of discretionary relief might lead to his earlier release). *See, e.g., Fonseca–Leite v. INS*, 961 F.2d 60, 62 (5th Cir.1992) (two consecutive three year sentences amounted to six years, regardless of the fact that only two years were actually served); *Matter of Castro*, 19 I. & N.Dec. 692, 695 (BIA 1988) (similar); *United States ex rel. Sirtie v. Commissioner of Immig.*, 6 F.2d 233, 234 (E.D.N.Y.1925) (a reformatory sentence to a term which "shall not exceed ... three years" was a three year sentence for purposes of the 1917 Immigration Act, notwithstanding the power of the parole board to discharge the prisoner at an early stage); *United States ex rel. Paladino v. Commissioner of Immig.*, 43 F.2d 821, 822 (2d Cir. 1930) (similar); *Petsche v. Clingan*, 273 F.2d 688, 691 (10th Cir.1960) (similar, under the 1952 INA); *United States ex rel. Dentico v. Esperdy*, 280 F.2d 71, 72 n. 1 (2d Cir.1960) (similar); *see also Campbell v. Commonwealth*, 339 Mass. 695, 697, 162 N.E.2d 262, 263 (1959) (under Massachusetts law, the length of a Concord sentence is its maximum term). Finally, the Government reminds us that we owe its interpretation of the statutory words ("sentences to confinement actually imposed") a considerable degree of respect, particularly where, as here, the interpretation concerns an interstitial matter, related to the administration of a complex statutory scheme, in respect to which the agency is expert. *See, e.g., Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984); *Mayburg v. Secretary of Health & Human Servs.*, 740 F.2d 100, 105–06 (1st Cir.1984); *Molina v. INS*, 981 F.2d 14, 20 (1st Cir.1992).

Despite these arguments, we disagree with the Government's conclusion. If the 1986 sentence had not been revoked, and petitioner had merely been released on parole in July 1992, the Government's authorities might prove determinative. But, as the Government concedes, this case instead hinges purely on the interpretation of the 1992 sentencing order. That order, we concede,

speaks of the "sentence" as if it were a sentence to confinement for ten years. But, it then says that the defendant is "deemed to have served –1709– days" of the sentence, and that the "ten year" sentence is "deemed to have been served." Once one adds the undisputed fact (apparently known to the sentencing judge) that the petitioner did serve 1709 days, the order simply imposes that 1709 days as the term of confinement. That is to say, if we leave all the "deem[ing]" aside, the order requires the defendant to serve 1709 days (which he already served), and, at the same time, it leaves the state without any legal authority to confine him for even one day more. Where there is neither a logical, nor a legal, nor a practical possibility of the order permitting any confinement beyond 1709 days, how can one say that such an order "actually impose[s]" a sentence for ten years? To paraphrase President Lincoln's apocryphal remark about calling a sheep's tail a "leg," the order *calls* the "1709 days" a "term of ten years," but simply calling it a ten year term cannot make it one. We have found no case, judicial or administrative, suggesting the contrary.

For these reasons, the order of the Board is vacated, and the case is remanded for further proceedings.

*So ordered.*