Vlado SNAJDER, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 93–1311.

United States Court of Appeals, Seventh Circuit.

Argued May 17, 1994.

Decided July 21, 1994.

David D. Cook, Nancy Westbrook, Law Student (argued), Thomas Arnot, Legal Assistance to Institutionalized Persons, Madison, WI, for petitioner.

Mark C. Walters, Lisa Dornell, Alison R. Drucker (argued), Dept. of Justice, Office of Immigration Litigation, William P. Barr, Office of The U.S. Atty. Gen., Washington, DC, Samuel Der–Yeghiayan, I.N.S., James B. Burns, Office of the U.S. Atty., Chicago, IL, William J. Howard, David J. Kline, Dept. of Justice, Office of Immigration Litigation, Washington, DC, for respondent.

Before POSNER, Chief Judge, and HILL * and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

On July 28, 1991, an immigration judge (IJ) determined that Vlado Snajder was deportable and ordered him deported to Yugoslavia. Mr. Snajder appealed to the Board of Immigration Appeals (BIA) and asked that the case be remanded for a new hearing because he was denied his statutory right to counsel. The BIA denied relief, and Mr. Snajder took this appeal. We reverse the decision of the BIA and remand the case for a new hearing.

## I

## FACTS

Vlado Snajder entered the United States on June 21, 1961 as a refugee. He later was admitted to the United States as an immigrant, retroactive to the date of his arrival.

On February 13, 1989, Mr. Snajder pled guilty in a Wisconsin state court to one count of possession of a firearm, several drug-related violations, and bail jumping. Based on his controlled substance convictions, the Immigration and Naturalization Service (INS) issued an Order to Show Cause on December 27, 1990, against Mr. Snajder that charged him with deportability under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251.[1]

On July 28, 1992, an IJ convened the deportation hearing. Mr. Snajder was not represented by counsel. At the beginning of the hearing, the IJ advised Mr. Snajder of his right to counsel, stated that he would not appoint an attorney for Mr. Snajder, and accepted a waiver from Mr. Snajder of his right to counsel.[2] Immediately after Mr. Snajder was sworn to give testimony, the INS served Mr. Snajder with an additional deportability charge under INA section 241(a)(14), 8 U.S.C. § 1251(a)(14),[3] based on

---

\* The Honorable James Hill, Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, is sitting by designation.

1. 8 U.S.C. § 1251(a)(11) stated as follows:
   (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—
   (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy or attempt to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21).
   The section is now recodified at 8 U.S.C. § 1251(a)(2)(B) and reads:
   (B) Controlled substances
   (i) Conviction
   Any alien who at any time after entry has been convicted of a violation of (or conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.
   (ii) Drug abusers and addicts
   Any alien who is, or at any time after entry has been, a drug abuser or addict is deportable.

2. The following exchange took place between the IJ and Mr. Snajder:
   IJ: All right. Now, in a hearing—a deportation hearing you have the right, of course to speak on your own behalf. You may present

your own witnesses or any documents that you feel are relevant to your case. If the Immigration Service presents any documents to be used against you, you'll be allowed to examine them and tell me whether or not I should consider them. If they present any witnesses against you, you'll be allowed to question or cross examine them as well. You also have the right to an attorney or accredited representative at no expense to the government. Now, this is not a criminal proceeding that we're doing today, it's a civil proceeding; therefore, that does—I am not going to appoint an attorney for you. However, this is the first time your case has appeared on our calendar, so that if you desire a continuance so that you can speak with an attorney or accredited representative as to your rights in this proceeding and what can be done for you, I would grant your request for a continuance for approximately two months. We can also give you a list of attorneys and legal service organizations that may provide assistance at little or no cost. You may also waive your right to an attorney and present your own case and represent yourself. I'll leave it up to you, sir. What do you want to do?
   Mr. Snajder: I'll represent myself, and just go along as we—
   IJ: All right.
   A.R. 106–08.

3. At the time of Mr. Snajder's hearing, 8 U.S.C. § 1251(a)(14) provided:
   (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

his conviction for possession of a firearm. After explaining to Mr. Snajder that the Service was adding a second ground for deportation, the IJ again asked Mr. Snajder whether he wanted to continue:

> IJ: Let me also tell you, sir, that whenever the Immigration Service adds a new charge or a new allegation, you do have a right to a reasonable continuance. And if you feel that, since you're representing yourself, that you need more time based on this new document, you can move for a continuance at this point.
>
> .   .   .   .   .   .
>
> Now, again, let me ask you, do you wish to go forward on this today?
>
> Mr. Snajder: Yes.

A.R. 109–10.

After the hearing began, Mr. Snajder admitted the allegations of the Order to Show Cause, and the IJ found Mr. Snajder deport-

able under both sections charged. In addition, the IJ stated that Mr. Snajder was not eligible for discretionary relief (waiver of inadmissibility) under INA section 212(c), 8 U.S.C. § 1182(c).[4] Relief would be available under § 212(c) if Mr. Snajder had been charged with deportability based only on the drug convictions. However, the IJ continued, because the section making an alien deportable for possession of a firearm did "not appear to [have] a comparable ground of exclusion for the charge under Section 241(a)(14) relating to the firearms charge," the firearms charge precluded § 212(c) relief.[5] A.R. 125. Finally, the IJ held that Mr. Snajder was ineligible for asylum or withholding of deportation under INA section 208(d), 8 U.S.C. § 1158(d),[6] or § 243(h)(2), 8 U.S.C. § 1253(h)(2),[7] respectively, "because he has been convicted of an aggravated felony." A.R. 125.

---

(14) at any time after entry, shall have been convicted of possessing or carrying in violation of any law any firearm or destructive device (as defined in paragraphs (3) and (4)), respectively of section 921(a) of Title 18, or any revolver or any weapon which shoots or is designed to shoot automatically or semi-automatically more than one shot without manual reloading, by a single function of the trigger, or a weapon commonly called a sawed-off shotgun; ...

The section is now recodified at 8 U.S.C. § 1251(a)(2)(C) and reads as follows:

(a) Classes of deportable aliens

Any alien (including an alien crewman) in the United States shall, upon the order of the Attorney General, be deported if the alien is within one or more of the following classes of deportable aliens:

(C) Certain firearm offenses

Any alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) is deportable.

4. 8 U.S.C. § 1182(c) provides:

(c) Nonapplicability of subsection (a)

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than [paragraphs dealing with terrorists, war criminals, and international

child abductors]). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under § 1181(b) of this title. The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

5. The IJ was unaware of Mr. Snajder's status—an unmarried son of an American citizen—that would have made him eligible for other types of relief. *See infra* Part II.

6. 8 U.S.C. § 1158(d) provides:

(d) Aliens convicted of an aggravated felony

An alien who has been convicted of an aggravated felony, notwithstanding subsection (a) of this section, may not apply for or be granted asylum.

7. 8 U.S.C. § 1253(h) provides:

(h) Withholding of deportation or return

(2) Paragraph (1) [describing withholding of deportation] shall not apply to any alien if the Attorney General determines that—

.   .   .   .   .

(B) the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States;

.   .   .   .   .

For the purposes of subparagraph (B), an alien who has been convicted of an aggravated felony shall be considered to have committed a particularly serious crime.

Mr. Snajder appealed to the BIA. He sought review of numerous aspects of the IJ's decision, among which was the contention that Mr. Snajder had been deprived of his statutory right to counsel. The Board affirmed the IJ's decision on the authorities cited by the IJ. The Board also stated that "in absence of a showing of eligibility for any forms of relief from deportation, we find the respondent has failed to demonstrate that he suffered prejudice as a result of his decision to proceed without counsel." Supp.A.R. 10 (citing *United States v. Calderon–Medina,* 591 F.2d 529 (9th Cir.1979)). Mr. Snajder now appeals.

## II

### DISCUSSION

Mr. Snajder raises a number of issues on appeal, only one of which we need resolve.[8] Mr. Snajder's principal contention is that he was denied his statutory right to counsel in the deportation proceedings. Mr. Snajder argues that the regulations in place at the time of the hearing required the IJ to inform him of his right to counsel after the INS lodged an additional charge against him. He submits that the IJ failed to inform him of his right to counsel and, consequently, under this court's rule in *Castaneda–Delgado v. INS,* 525 F.2d 1295 (7th Cir.1975), he is entitled to a new hearing.

■ The regulations in effect at the time of Mr. Snajder's deportation proceeding stated the following procedure for adding new charges:

(d) Additional charges. The Service may at any time during a hearing lodge additional charges of deportability, including factual allegations, against the respondent. Copies of the additional factual allegations and charges shall be submitted in writing for service on the respondent and entry as an exhibit in the record. The Immigration Judge shall read the additional factual allegations and charges to the respondent and

explain them to him or her. The special inquiry officer shall read the additional factual allegations and charges to the respondent and explain them to him in nontechnical language. The special inquiry officer shall advise the respondent if he is not represented by counsel that he may be so represented and also that he may have a reasonable time within which to meet the additional factual allegations and charges. The respondent shall be required to state then and there whether he desires a continuance for either of these reasons. Thereafter, the provisions of paragraph (b) of this section shall apply to the additional factual allegations and lodged charges.

8 C.F.R. § 242.16(d). The regulation requires that, when an additional charge is lodged by the Service, the alien must be reapprised of his rights. Specifically, the IJ must advise the alien "if he is not represented by counsel that he may be so represented." *Id.* This advice was not given. When the INS lodged the additional firearms charge against Mr. Snajder, the IJ was careful to explain to Mr. Snajder the nature of the additional charges. The IJ also informed Mr. Snajder that he had a right to a continuance to answer the additional charge. However, the IJ did not advise Mr. Snajder that he had a right to the assistance of counsel for the second charge. Consequently, Mr. Snajder was denied his right to counsel.

The Service argues that the IJ did not violate the regulation. First, the Service suggests, as counsel put it at oral argument, that the regulation is "sufficiently elastic" to encompass the instructions given by the IJ. In the alternative, the INS maintains that Mr. Snajder waived his right to counsel under the regulation. These arguments do not merit extended discussion. First, we cannot accept the Service's reading of the regulation. The regulation, by its language, requires the IJ to reapprise the alien of his right to counsel when an additional charge is lodged. There is nothing "elastic" in this language. In essence, the INS asks us to

---

8. In his brief, Mr. Snajder also argues that his case should be remanded because the IJ improperly designated Yugoslavia as the country of deportation. Since the briefs have been filed, the parties have resolved this issue; Mr. Snajder was allowed to designate Italy as his country of deportation. The parties further have agreed that, if Italy refuses to accept Mr. Snajder, he will be deported to Croatia.

read out of the regulation the requirement that the IJ advise the alien of specific rights. However, we shall not ignore the language of the regulation which clearly requires this advice. The Service's waiver argument is also without merit. The Service urges us to treat a waiver for one charge as a waiver for all subsequent charges brought during one proceeding. This, too, is directly at odds with the language of the regulation, which requires an additional set of warnings, and therefore a separate waiver, for each additional charge.[9]

Because we have determined that the Service violated its regulation that protects the alien's right to counsel, this case must be remanded for a new hearing. In *Castaneda–Delgado v. INS*, 525 F.2d 1295 (7th Cir.1975), this court held that, when an alien is denied his right to counsel in a deportation hearing, the alien is entitled to a new hearing with counsel. We stated: "[T]he right to be represented by counsel of their choice granted to aliens in deportation proceedings by statute and regulations is too important and fundamental a right to be circumscribed by a harmless error rule." *Id.* at 1299. "The circumstances," we continued, "call for the prophylactic remedy of vacating the order of deportation and for writing thereafter on a clean slate." *Id.* at 1302. We recently have reaffirmed the holding in *Castaneda–Delgado* in *Batanic v. INS*, 12 F.3d 662, 667 (7th Cir.1993) (holding that deprivation of the right to counsel not only mandates a new hearing, but also requires that the alien be able to apply for any relief for which the attorney could have effectively applied in the first hearing).

Despite our adherence to *Castaneda–Delgado* in *Batanic*, the Service invites us to adopt the harmless-error standard of *United*

*States v. Calderon–Medina*, 591 F.2d 529 (9th Cir.1979), which the BIA applied in its review of Mr. Snajder's case. *Calderon–Medina* held that an agency's violation of its own regulation invalidates a deportation proceeding only when the regulation serves a purpose of benefit to the alien, and the violation prejudiced interests of the alien that were protected by the regulations. The INS claims that this is the better rule because presuming error when relief is not available "flies in the face of the pressing need for administrative and judicial efficiency and economy." Respondent's Br. at 13. We decline the Service's invitation to reconsider our holding in *Castaneda–Delgado*. The doctrines of stare decisis and precedent require our adherence to our established caselaw, so recently reaffirmed, absent compelling reasons to deviate. The INS has not provided us with any such reasons.

■ However, even if the law of this circuit permitted us to engage in a harmless-error analysis, Mr. Snajder would still be entitled to a new hearing because the IJ's failure to comply with the regulation produced the possibility of actual prejudice. If Mr. Snajder had been represented at the first hearing, the attorney could have advised him to apply for adjustment of status under INA section 245(a), 8 U.S.C. § 1255(a).[10] Section 245(a) allows an alien, properly admitted as a permanent resident, but later found deportable, to apply for an adjustment of status to lawful permanent resident. If discretion is exercised in the alien's favor, "the [alien] will no longer be deportable on the basis of the prior conviction." *Matter of Rainford*, Int.Dec. 3191, 1992 WL 323809, *4 (B.I.A. Sept. 9, 1992). As a prerequisite for obtaining § 245 relief, the alien must show: (1) that he has made an application for such

---

**9.** Mr. Snajder argues in his brief that his first waiver was not made knowingly and voluntarily. Because we determine that a new hearing is required for violation of the regulation, we express no opinion on the effect of the first waiver.

**10.** 8 U.S.C. § 1255(a) provides:
(a) Status as person admitted for permanent residence upon application and eligibility for immigrant visa
    The status of an alien who was inspected and admitted or paroled in the United States may

be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

an adjustment; (2) that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (3) that an immigrant visa is immediately available to him at the time his application is filed. If these are met, the alien still has the burden of establishing entitlement to the favorable exercise of discretion.

Mr. Snajder has demonstrated eligibility for this type of relief. Mr. Snajder is the son of a naturalized American citizen, whose petition for alien relative has been granted by the INS. Because Mr. Snajder falls within the First Family–Sponsored Preference for visas, visas were (and are) currently available to him. Furthermore, Mr. Snajder is admissible to the United States. The firearms violation "which renders [the alien] deportable under section 241(a)(2)(C) of the Act, will not preclude a showing of admissibility under § 245(a)" because the firearms conviction is not also a ground for exclusion. *Rainford*, 1992 WL 232809 at *4. Because Mr. Snajder is statutorily eligible for this relief, he should, therefore, have the opportunity to establish that he is entitled to a favorable exercise of discretion. Here his lack of representation deprived him of that opportunity.

In conjunction with the adjustment of status, an attorney also could have filed an application under § 212(c) for waiver of deportability for "the limited purpose of waiving [the controlled substance related] ground." *Matter of Gabryelsky*, Int.Dec. 3213, 1993 WL 495142 (B.I.A. Nov. 3, 1993). Indeed, the IJ recognized that § 212(c) relief was available to Mr. Snajder to waive deportability based on his drug convictions.

Because we have determined that *Castaneda–Delgado* and *Batanic* require a remand in this case, we have no occasion to reach the other grounds upon which Mr. Snajder urges

a remand.[11] This case is remanded for a new hearing before the IJ in which Mr. Snajder shall have the opportunity to apply for an adjustment of status under § 245(a) and a waiver of deportability under § 212(c).[12] We note that the granting of these types of relief is in the sound discretion of the IJ, and therefore we express no opinion as to the merits of Mr. Snajder's claim for relief.

### Conclusion

For the foregoing reasons, the decision of the BIA is reversed and this case is remanded for a new hearing.

REVERSED AND REMANDED.

11. Specifically, we do not address whether the INS must first charge Mr. Snajder as an aggravated felon before the IJ can preclude types of relief, i.e., asylum and withholding of deportation, on that basis.

12. We note that waiver of inadmissibility becomes unavailable as a remedy for an aggravated felon who has served a term of imprisonment of five or more years for that felony. *See supra* note 4. If, at the time that Mr. Snajder's appeal to the

BIA was denied, Mr. Snajder still was eligible for this type of relief, the IJ should take this consideration into account at the new deportation hearing. *See Batanic*, 12 F.3d at 667–68 ("The only way to cure the procedural defect in the original hearing is to afford Mr. Batanic not only a new hearing, but also a hearing in which counsel effectively may protect Mr. Batanic's rights to the same extent that the attorney would have in the first hearing.").