50 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Felix NUNEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-1906
 United States Court of Appeals,
First Circuit.
 Mar. 29, 1995
 
 Felix Nunez on brief pro se.
 Frank W. Hunger, Assistant Attorney General, Stewart Deutsch and Donald E. Keener, Attorneys, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, on brief for respondent.
 B.I.A.
 REVIEW DENIED; ORDER ENFORCED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Felix Nunez seeks review of a decision of the Board of Immigration Appeals upholding an Immigration Judge's order that he be deported to the Dominican Republic. Assuming arguendo that appellate jurisdiction exists with regard to his prematurely filed petition, see, e.g., In re Villa Marina Yacht Harbor, Inc., 984 F.2d 546, 548 n.2 (1st Cir. 1993), we deny the petition for review and enforce the order of deportation.
 
 
 2
 As the Immigration Judge correctly found, petitioner was ineligible to apply for a discretionary waiver under Sec. 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c), for two separate reasons. Petitioner lacked (and continues to lack) the "seven consecutive years" of "lawful unrelinquished domicile" that are a statutory prerequisite to such relief. See, e.g., Goncalves v. INS, 6 F.3d 830, 834 (1st Cir. 1993) (seven-year clock "stop[s] ticking" once Board upholds deportation order). As well, Sec. 212(c) relief is unavailable to an alien who is deportable for a firearms offense. See, e.g., Campos v. INS, 961 F.2d 309 (1st Cir. 1992).
 
 
 3
 In turn, petitioner satisfied none of the prerequisites for an adjustment of status under Sec. 245(a) of the Act, 8 U.S.C. Sec. 1255(a). It suffices to note in this regard that his drug convictions rendered him inadmissible to the United States, see, e.g., Jenkins v. INS, 32 F.3d 11, 15 (2d Cir. 1994), and therefore ineligible for Sec. 245(a) relief, see, e.g., Rodrigues v. INS, 994 F.2d 32, 33 (1st Cir. 1993). And again because of petitioner's failure to satisfy Sec. 212(c)'s seven-year requirement, the form of concurrent relief described in In re Gabryelsky, Int. Dec. 3213 (BIA 1993); see also Snajder v. INS, 29 F.3d 1203, 1207-08 (7th Cir. 1994), is not an available option.
 
 
 4
 The petition for review is denied and the order of deportation is enforced.