USCA1 Opinion

 

 March 29, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1906 FELIX NUNEZ, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Felix Nunez on brief pro se. ___________ Frank W. Hunger, Assistant Attorney General, Stewart Deutsch and _______________ _______________ Donald E. Keener, Attorneys, Office of Immigration Litigation, Civil _________________ Division, U.S. Department of Justice, on brief for respondent. ____________________ ____________________ Per Curiam. Petitioner Felix Nunez seeks review of a __________ decision of the Board of Immigration Appeals upholding an Immigration Judge's order that he be deported to the Dominican Republic. Assuming arguendo that appellate ________ jurisdiction exists with regard to his prematurely filed petition, see, e.g., In re Villa Marina Yacht Harbor, Inc., ___ ____ ______________________________________ 984 F.2d 546, 548 n.2 (1st Cir. 1993), we deny the petition for review and enforce the order of deportation. As the Immigration Judge correctly found, petitioner was ineligible to apply for a discretionary waiver under 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), for two separate reasons. Petitioner lacked (and continues to lack) the "seven consecutive years" of "lawful unrelinquished domicile" that are a statutory prerequisite to such relief. See, e.g., Goncalves v. INS, 6 F.3d 830, 834 ___ ____ _________ ___ (1st Cir. 1993) (seven-year clock "stop[s] ticking" once Board upholds deportation order). As well, 212(c) relief is unavailable to an alien who is deportable for a firearms offense. See, e.g., Campos v. INS, 961 F.2d 309 (1st Cir. ___ ____ ______ ___ 1992). In turn, petitioner satisfied none of the prerequisites for an adjustment of status under 245(a) of the Act, 8 U.S.C. 1255(a). It suffices to note in this regard that his drug convictions rendered him inadmissible to the United States, see, e.g., Jenkins v. INS, 32 F.3d 11, 15 (2d Cir. ___ ____ _______ ___ 1994), and therefore ineligible for 245(a) relief, see, ___ e.g., Rodrigues v. INS, 994 F.2d 32, 33 (1st Cir. 1993). And ____ _________ ___ again because of petitioner's failure to satisfy 212(c)'s seven-year requirement, the form of concurrent relief described in In re Gabryelsky, Int. Dec. 3213 (BIA 1993); see ________________ ___ also Snajder v. INS, 29 F.3d 1203, 1207-08 (7th Cir. 1994), ____ _______ ___ is not an available option. The petition for review is denied and the order of ________________________________________________________ deportation is enforced. _______________________ -3-