**QWEST CORPORATION, a Colorado corporation, Plaintiff,**

v.

**CITY OF PORTLAND, an Oregon municipal corporation, Defendant,**

The City Of Ashland, an Oregon municipal corporation; the City of Happy Valley, an Oregon municipal corporation; the City of Keizer, an Oregon municipal corporation; the City of North Plains, an Oregon municipal corporation; the City of Pendleton, an Oregon municipal cor-

---

13. The defendant has also requested that the Court allow it to file additional or supplemental expert reports concerning factual issues raised by the three federal law counterclaims approved of in the Court's August 1, 2001 Order. (Def.'s Mot. at 4:16–20; Def.'s Supplemental Br. Re: Choice of Law at 2 n. 1.) That request is granted. If it has not already done so, the defendant shall serve its expert reports, no later than 14 days from the issuance of this Order.

poration; the City of Redmond, an Oregon municipal corporation; the City of Salem, an Oregon municipal corporation; the City of Springfield, an Oregon municipal corporation, Defendants in Intervention.

Civ. No. 01–1005–JE.

United States District Court,
D. Oregon.

Dec. 19, 2001.

David R. Goodnight, Dorsey Whitney, LLP, Seattle, WA, Yana D. Koubourlis, Dorsey & Whitney, LLP, Seattle, WA, John P. Nusbaum, Perkins Coie, LLP, Portland, OR, Lawrence H. Reichman, Perkins Coie LLP, Portland, OR, for plaintiff.

Jay W. Beattie, Lindsay, Hart, Neil & Weigler, LLP, Portland, OR, Nicholas P. Miller, Miller & Van Eaton PLLC, Carl R. Neil, Lindsay, Hart, Neil & Weigler, LLP, Portland, OR, Lawrence H. Reichman, Perkins Coie LLP, Portland, OR, Jeffrey L. Rogers, City Attorney's Office, Portland, OR, Joseph L. Van Eaton, Miller & Van Eaton, Washington, DC, Benjamin E. Walters, City Attorney's Office, Portland, OR, Madelyn F. Wessel, City Attorney's Office, Portland, OR, for defendant.

## ORDER

JELDERKS, United States Magistrate Judge.

Plaintiff Qwest Corporation brings this action for declaratory relief against defendant

City of Portland, claiming that provisions of the Federal Telecommunications Act of 1996 preempt an Oregon statute allowing cities to collect 7% of plaintiff's revenues in return for plaintiff's use of public rights of way. The cities of Eugene, Happy Valley, Keizer, North Plains, Pendleton, Redmond, Springfield and Salem have intervened as defendants.

Defendants move to require plaintiff to deposit funds in court, and to compel production of documents. I deny the motion to deposit funds and deny the motion to compel unless plaintiff anticipates using the documents in this litigation.

## I. Motion to Require Deposit of Funds

■ Defendants seek an order compelling plaintiff to deposit the disputed franchise payments with this court. Defendants cite Federal Rule of Civil Procedure 67, which provides in part,

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. The party making the deposit shall serve the order permitting deposit on the clerk of the court.

Rule 67's "purpose is to relieve the depositor of responsibility for the fund in dispute while the parties hash out their differences with respect to it." *Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp.,* 901 F.2d 441, 444–45 (5th Cir.1990). Rule 67 benefits the party that is holding funds or property in dispute, not the party that is claiming the funds. Here, defendants' motion is not supported by Rule 67.

■ Defendants also cite *In re Villa Marina Yacht Harbor, Inc.,* 984 F.2d 546 (1st Cir.1993). There, First Circuit held that a district court had the inherent equitable power to require a mortgagor to deposit monthly mortgage payments with the court while the mortgagor was litigating counterclaims against the lender. The First Circuit charac-

terized the order as "a paradigm case of preserving the *status quo.* with no harm to either party pending a hearing on the merits." *Id.* at 549.

I agree with the *Marina Yacht* opinion that a district court has the inherent power to require a party to deposit funds with the court. However, I conclude that such an order is not justified here. There is no indication that plaintiff could not satisfy a judgment against it. Defendants have not shown that they would be harmed if this court does not require a deposit of funds.

## II. Motion to Compel

■ Defendant City of Portland (defendant) moves to compel documents. Since defendant filed the motion, the parties resolved most of their disputes, but one issue remains.

Before filing this action, plaintiff hired an economic consulting firm to analyze the costs that cities incur because of utilities' uses of public rights-of-way. Plaintiff states that it considers the two studies produced by the consulting firm to be privileged attorney work product prepared in anticipation of litigation, and also argues that the studies are not relevant.

After examining the two studies *in camera,* I conclude at this time that the studies are not relevant to any issues in dispute. As the issues are now framed by the parties' amended claims and counterclaims, the actual amount of costs incurred by defendants is not in dispute. Defendants' amended counterclaims seek damages based only on the amount of plaintiff's revenues, not defendants' actual costs. I therefore deny defendant's motion to compel at this time.

If, as the issues are now framed, plaintiff determines that it might use information from the two studies, plaintiff must disclose the studies to defendants by January 7, 2002. If the issues are later broadened and the amount of actual costs becomes relevant, then the court will reconsider the motion to compel.

## CONCLUSION

Defendants' motions to require deposit of funds (# 96 and # 106) and to compel (# 99) are denied.